TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT CONNECTICUT**
-----------------------------------------------------------X
HSIN HUANG CHANG,
*on his own behalf and on behalf of others similarly situated*

        Plaintiff,
        v.

JENNY JN NAILS INC
  d/b/a Sarah Nail;
BURTIS NAIL INC
  d/b/a Burtis Nail; and
JENNY GJ INC
  d/b/a Nail by Jenny;
DAE EUN LEE
  a/k/a Sarah Lee

        Defendants.
-----------------------------------------------------------X

Case No. 19-cv-02024

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

  Plaintiff HSIN HUANG CHANG (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants JENNY JN NAILS INC d/b/a Sarah Nail; BURTIS NAIL INC d/b/a Burtis Nail; and JENNY GJ INC d/b/a Nail by Jenny and DAE EUN LEE a/k/a Sarah Lee, and alleges as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff HSIN HUANG CHANG, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et*

*seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.     Plaintiff further alleges pursuant to the Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that he is entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Pennsylvania Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.     From on or about June 17, 2015 to July 21, 2019, Plaintiff HSIN HUANG CHANG was employed by Defendants to work as a nail worker for Defendants at 99 Danbury

Road, Ridgefield, CT 06877 (from June 17, 2015 to January 3, 2016 and again from April 21, 2016 to October 21, 2016); 20 Burtis Avenue, New Canaan, CT 06840 (from January 2, 2018 to September 18, 2018); and 99 Danbury Road, Ridgefield, CT 06877 (from March 12, 2019 to July 21, 2019).

## **DEFENDANTS**

*Corporate Defendants*

8. Defendant JENNY JN NAILS INC d/b/a Sarah Nail is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 99 Danbury Road, Ridgefield, CT 06877.

9. JENNY JN NAILS INC d/b/a Sarah Nail is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. JENNY JN NAILS INC d/b/a Sarah Nail purchased and handled goods moved in interstate commerce.

11. Defendant BURTIS NAIL INC d/b/a Burtis Nail is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 20 Burtis Avenue, New Canaan, CT 06840.

12. BURTIS NAIL INC d/b/a Burtis Nail is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. BURTIS NAIL INC d/b/a Burtis Nail purchased and handled goods moved in interstate commerce.

14. Defendant JENNY GJ INC d/b/a Nail by Jenny is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 99 Danbury Road, Ridgefield, CT 06877.

15. JENNY GJ INC d/b/a Nail by Jenny is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16. JENNY GJ INC d/b/a Nail by Jenny purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendant*

17. DAE EUN LEE a/k/a Sarah Lee known as "Boss" and Owner to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JENNY JN NAILS INC d/b/a Sarah Nail at 99 Danbury Road, Ridgefield, CT 06877; BURTIS NAIL INC d/b/a Burtis Nail at 20 Burtis Avenue, New Canaan, CT 06840; and JENNY GJ INC d/b/a Nail by Jenny at 99 Danbury Road, Ridgefield, CT 06877.

18. DAE EUN LEE a/k/a Sarah Lee hired Plaintiff.

19. DAE EUN LEE a/k/a Sarah Lee fired Plaintiff.

20. DAE EUN LEE a/k/a Sarah Lee paid Plaintiff.

21. DAE EUN LEE a/k/a Sarah Lee acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with JENNY JN NAILS INC d/b/a Sarah Nail at 99 Danbury Road, Ridgefield, CT 06877; BURTIS NAIL INC d/b/a Burtis Nail at 20 Burtis Avenue, New Canaan, CT 06840; and JENNY GJ INC d/b/a Nail by Jenny at 99 Danbury Road, Ridgefield, CT 06877.

**STATEMENT OF FACTS**

22. Defendants committed the following alleged acts knowingly, intentionally and

willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the Connecticut minimum wage for each hour worked.

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

25. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

26. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

27. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

28. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

29. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff HSIN HUANG CHANG*

30. From on or about June 17, 2015 to July 21, 2019, Plaintiff HSIN HUANG CHANG was employed by Defendants to work as a nail worker at JENNY JN NAILS INC d/b/a Sarah Nail at 99 Danbury Road, Ridgefield, CT 06877; BURTIS NAIL INC d/b/a Burtis Nail at 20 Burtis Avenue, New Canaan, CT 06840; and JENNY GJ INC d/b/a Nail by Jenny at 99 Danbury Road, Ridgefield, CT 06877.

31. From on or about June 17, 2015 to July 21, 2019, Plaintiff worked five (5) days with two (2) days off ten percent (10%) of the time for a total of forty-eight (48) hours each week.

32. Specifically, Plaintiff HSIN HUANG CHANG's regular work schedule ran from:

   a. 09:45 to 19:00 for nine and a quarter (9.25) hours for three (3) days of Mondays through Fridays for twenty seven and three quarter (27.75) hours per week;

   b. 09:30 to 19:00 for nine and a half (9.5) hours on Saturdays;

   c. 10:00 to 18:00 for eight (8) hours on Sundays; plus

   d. an additional fifteen (15) minutes before arrival and fifteen minutes after end time for five (5) days or two and a half (2.5) hours each week..

33. From on or about June 17, 2015 to July 21, 2019, Plaintiff HSIN HUANG CHANG worked six (6) days with one (1) day off half (50%) of the time for a total of 57.5 hours each week.

34. Specifically, Plaintiff HSIN HUANG CHANG's regular work schedule ran from:

  a. 09:45 to 19:00 for nine and a quarter (9.25) hours for four (4) days of Mondays through Fridays for thirty seven (37) hours per week;

  b. 09:30 to 19:00 for nine and a half (9.5) hours on Saturdays;

  c. 10:00 to 18:00 for eight (8) hours on Sundays; plus

  d. an additional fifteen (15) minutes before arrival and fifteen minutes after end time for six (6) days or three (3) hours each week.

35. From on or about June 17, 2015 to July 21, 2019, Plaintiff HSIN HUANG CHANG worked seven days forty percent (40%) of the time for a total of 67.25 hours each week.

36. Specifically, Plaintiff HSIN HUANG CHANG's regular work schedule ran from:

  a. 09:45 to 19:00 for nine and a quarter (9.25) hours on Mondays through Fridays for forty six and a quarter (46.25) hours per week;

  b. 09:30 to 19:00 for nine and a half (9.5) hours on Saturdays; 10:00 to 18:00 for eight (8) hours on Sundays; plus

  c. an additional fifteen (15) minutes before arrival and fifteen minutes after end time for seven (7) days or three and a half (3.5) hours each week.

37. At all relevant times, Plaintiff HSIN HUANG CHANG did not have a fixed time for lunch or for dinner.

38. In fact, Plaintiff HSIN HUANG CHANG had fifteen (15) to twenty (20) minutes to eat and even then he was on call, meaning that if customers came in he would have to continue working.

39. From on or about June 17, 2015 to January 03, 2016 and then from on or about

April 21, 2016 to October 21, 2016, Plaintiff HSIN HUANG CHANG was paid a flat compensation at a rate of eighty dollars ($80.00) per day.

40. From on or about January 02, 2018 to September 18, 2018, Plaintiff HSIN HUANG CHANG was paid a flat compensation at a rate of ninety dollars ($90.00) per day.

41. From on or about March 12, 2019 to June 30, 2019, Plaintiff HSIN HUANG CHANG was paid a flat compensation at a rate of one hundred dollars ($100.00) per day.

42. From on or about July 01, 2019 to July 21, 2019, Plaintiff HSIN HUANG CHANG was paid a flat compensation at a rate of one hundred twenty dollars ($120.00) per day.

43. At all relevant times, Plaintiff HSIN HUANG CHANG was not paid overtime pay for overtime work.

44. Throughout his employment, Plaintiff HSIN HUANG CHANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

45. Throughout his employment, Plaintiff HSIN HUANG CHANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all

hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings his Pennsylvania Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

48. All said persons, including Plaintiff, are referred to herein as the "Class."

49. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

50. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

51. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the

Connecticut law;

b.	Whether Plaintiff and Class members are entitled to and paid minimum wage and overtime under the CMWA;

c.	At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

52.	Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

53.	Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

54.	A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

55.     Upon information and belief, Defendants and other employers throughout the state violate the PAMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or

reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [CMWA Minimum Wage Violations
### On Behalf of Plaintiff and Rule 23 Class]

56. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

57. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

58. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

59. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline and automobile expenses in violation of Conn. Gen. Stat. §31-62-E7.

60. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

61. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

62. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to compensation for all hours worked at the full minimum wage, penalty damages, interest, and court costs.

63. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

## COUNT II.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

66. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

67. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

68. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*,

including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

70. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT III.
### [CMWA Overtime Violations On Behalf of Plaintiff and Rule 23 Class]

72. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

73. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

74. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

75. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

76. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

77. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

78. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so.  Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and CMWA;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid overtime wages due under FLSA and CMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

      g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

      i)      The cost and disbursements of this action;

      j)      An award of prejudgment and post-judgment fees;

      k)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York                          By:     /s/ John Troy
                                                              John Troy (JT0481)